UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

United States Courts
Southern District of Texas
FILED

JUN 09 2015

David J. Bradley, Clerk
Laredo Division

| UNITED STATES OF AMERICA | § | CRIMINAL NO. L-15-633 |
|---|---|---|
| vs. | § | |
| LINDA ALANIZ, ALMA GARZA, EVELIO PERALTA, and CYNTHIA GARCIA | § § § § § | DS |
| Defendants | § | |

# INDICTMENT

THE GRAND JURY CHARGES:

### A. INTRODUCTION

At all times material to this Indictment:

### THE MEDICAID PROGRAM

1. Medicaid was implemented in 1967 under the provisions of Title 19 of the Social Security Act of 1965. The State of Texas and the federal government shared the cost of funding the Texas Medicaid Program. The Medicaid program helped pay for reasonable and necessary medical procedures and services provided to individuals who were deemed eligible under state low-income programs. Medicaid was "a health care benefit program" as defined by Title 18, United States Code, Section 24(b).

2. The State of Texas contracted with Texas Medicaid and Healthcare Partnership ("TMHP") to process claims submitted by physicians and other health care providers for individuals who received benefits paid for by Medicaid.

1

3. In order to receive reimbursement from Medicaid, a provider was required to submit an application and become an approved Medicaid provider. If the provider met certain minimum qualifications, Medicaid approved the application and the provider was issued a unique identification number also known as a "provider number." The provider was then allowed to submit bills for services known as "claims" to Medicaid for reimbursement for the cost of providing medically necessary services to Medicaid beneficiaries.

4. Upon assignment of a Medicaid provider number, a current Texas Medicaid Provider Procedures manual was distributed to the provider. Updates to the procedure manual were included in the Texas Medicaid Bulletins which were distributed to the provider by TMHP and available online. The procedure manual, bulletins and updates detailed the rules and regulations pertaining to services covered by Medicaid and how to appropriately bill for providing services to recipients.

5. Medicaid permitted approved providers to submit Medicaid claims on paper or electronically. Medicaid required that submitted claims contain the following details: the Medicaid beneficiary's name and Medicaid identification number; the service that the provider provided; the amount of time billed in 15 minute units; the date of service; and the charge for the service provided. Medicaid required providers to provide the services to the beneficiary prior to submitting a claim for payment to Medicaid.

### PERSONAL ASSISTANCE SERVICES

6. Personal Assistance Services ("PAS") were a Medicaid benefit that provided beneficiaries with services that aided in living independently. PAS included among other things, bathing, housekeeping, meal preparation, and grocery shopping.

2

7. To provide PAS, an agency was required to be licensed as a home and community support services agency by the Texas Department of Aging and Disability Services ("DADS"). DADS required agencies to submit an application, develop policies and procedures, and undergo monitoring audits every other year. Once licensed, DADS provided all agencies with a handbook which detailed the rules and regulations pertaining to PAS.

8. DADS had certain rules for hiring unlicensed PAS providers. Agencies were required to screen all unlicensed applicants for prohibitive criminal convictions and employment eligibility through DADS before allowing employees to have face-to-face contact with beneficiaries. Agencies were also required to supervise, train, and assess competence of all unlicensed persons. Annual employee evaluations of unlicensed PAS providers were mandatory.

9. PAS were required to be provided according to an individualized service plan which included the types of services to be provided, the location where services would be provided, the frequency and duration of services, and a plan for supervision of the services. DADS required agencies to conduct face-to-face visits with all beneficiaries and their PAS provider every six months.

10. DADS required providers to keep client records which accurately and completely documented all services and which were readily accessible. Agencies were required to ensure that entries regarding the delivery of services were not altered without evidence and explanation for each alteration.

## THE DEFENDANTS

11. Defendant LINDA ALANIZ, resident of the state of Texas and the Southern District of Texas, was a patient and provider recruiter for SAINT BENEDICTS HOME HEALTH, INC. ("SAINT BENEDICTS") located at 424 East Main Ave., Robstown, Texas

3

78380 and 1420 Cedar Avenue in Laredo, Texas 78040, both in the Southern District of Texas. SAINT BENEDICTS was a home and community support services agency which provided PAS.

14. B.R., a resident of the state of Texas and the Southern District of Texas, was the administrator for SAINT BENEDICTS who was responsible for compliance with DADS standards and regulations and for supervising the provision of services.

13. R.R., a resident of the state of Texas and the Southern District of Texas, was the director of operations for the Laredo branch of SAINT BENEDICTS who was responsible for expanding and developing business at the Laredo location.

14. Defendant ALMA GARZA, a resident of the state of Texas and the Southern District of Texas, was the office manager of the Laredo branch of SAINT BENEDICTS who was responsible for supervising staff and ensuring that home visits were being completed every six months.

15. Defendant EVELIO PERALTA, resident of the state of Texas and the Southern District of Texas, was hired as a PAS provider with SAINT BENEDICTS.

16. Defendant CYNTHIA GARCIA, resident of the state of Texas and the Southern District of Texas, was hired as a PAS provider with SAINT BENEDICTS.

### B. COUNT ONE

**(Conspiracy to Commit Health Care Fraud)**
**18 U.S.C. § 1349**

17. Beginning in or about September 2010 and continuing thereafter until in or about, May 2015, in the Laredo Division of the Southern District of Texas and elsewhere, defendants,

**LINDA ALANIZ,**
**ALMA GARZA,**
**EVELIO PERALTA, and**

4

CYNTHIA GARCIA,

did knowingly, intentionally, and willfully combine, conspire, confederate and agree with each other and other persons known and unknown to the Grand Jury to commit an offense against the United States, namely to execute and attempt to execute a scheme and artifice to defraud a health care benefit program; namely Medicaid, and to obtain money owned by and under the custody and control of Medicaid by means of false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for health care benefits, items and services in violation of Title 18, United States Code, Section 1347.

## OBJECT OF THE CONSPIRACY

18. It was the object of the conspiracy for the defendants to unlawfully enrich themselves and others known and unknown to the Grand Jury, by submitting false and fraudulent claims for payment to Medicaid for personal assistance services that were not provided to beneficiaries and which were the product of kickbacks which were paid in order to induce the referral of beneficiaries and recipients to receive services.

## MANNER AND MEANS

19. The manner and means by which the defendants sought to accomplish the object of the conspiracy included, among other things:

20. B.R. would and did apply to be a Medicaid provider under the name of SAINT BENEDICTS on or about July 25, 2007.

21. B.R. would and did apply with DADS to become a PAS providing agency under the name of SAINT BENEDICTS on or about August 1, 2007.

22. B.R. would and did hire R.R. to open the Laredo office of SAINT BENEDICTS and to develop business for the branch location.

5

23. R.R. would and did hire defendant LINDA ALANIZ to refer beneficiaries and providers to SAINT BENEDICTS.

24. B.R. and R.R. would and did hire ALMA GARZA to manage the day-to-day operations of SAINT BENEDICTS and to pay LINDA ALANIZ for patient and provider referrals.

25. Defendant LINDA ALANIZ would and did refer Medicaid beneficiaries in exchange for twice monthly cash payments from SAINT BENEDICTS.

26. Defendant LINDA ALANIZ would and did submit PAS provider employment applications to Defendant ALMA GARZA.

27. Defendant ALMA GARZA would and did hire the PAS providers referred by Defendant LINDA ALANIZ.

28. Defendant LINDA ALANIZ would and did submit false timesheets for PAS providers who did not perform services for SAINT BENEDICTS.

29. Defendant LINDA ALANIZ would and did supply the SAINT BENEDICTS biller with false timesheets in order to bill Medicaid for PAS which were not provided

30. Defendant ALMA GARZA and B.R. would and did instruct SAINT BENEDICTS staff that six month supervisory visits would not be conducted with beneficiaries referred by LINDA ALANIZ.

31. Defendant CYNTHIA GARCIA would and did give her identifying information to LINDA ALANIZ in order to bill Medicaid for PAS she did not perform.

32. Defendant CYNTHIA GARCIA would and did sign false timesheets which indicated that she performed PAS to Medicaid beneficiaries when no services were provided.

33. Defendant EVELIO PERALTA would and did give his identifying information to LINDA ALANIZ in order to bill Medicaid for PAS he did not perform.

34. Defendant EVELIO PERALTA would and did assist LINDA ALANIZ in picking up provider checks from SAINT BENEDICTS.

35. Defendants ALMA GARZA, LINDA ALANIZ, EVELIO PERALTA, and CYNTHIA GARCIA and B.R. would and did submit and cause to be submitted claims to Medicaid for PAS that was not performed.

36. Defendant LINDA ALANIZ would and did remove and attempt to destroy PAS provider files from the SAINT BENEDICTS office.

37. Defendant LINDA ALANIZ would and did charge Medicaid beneficiaries who resided at her apartment complex a fee for receiving services which were also billed to Medicaid as PAS.

38. B.R. and R.R. would and did instruct Defendant ALMA GARZA and others to deliver cash payments to LINDA ALANIZ for the referral of Medicaid beneficiaries and PAS providers.

39. B.R. would and did instruct staff at SAINT BENEDICTS to falsify timesheets and other documents required to be maintained truthfully and accurately by DADS.

40. B.R. would and did enroll in the Electronic Data Interchange program in order to submit claims to Medicaid electronically.

41. B.R. would and did receive payments from Medicaid via electronic funds transfer to the First State Bank of Odem account *0275.

42. Defendants would and did submit and cause to be submitted approximately $426,370.30 in false and fraudulent claims to Medicaid between September 2010 and May 2015,

for PAS which were not provided by the provider and received approximately $412,654.73 as payment for these claims.

43. Defendants would and did submit and cause to be submitted approximately $3,059,800.22 in claims to Medicaid between September 2010 and May 2015 which were the product of kickbacks paid for the referral of Medicaid beneficiaries.

44. Defendants would and did use proceeds of the Medicaid fraud to pay unlawful kickbacks, pay other operating expenses, and enrich themselves.

All in violation of Title 18, United States Code, Section 1349.

### C.  COUNTS TWO THROUGH EIGHT

**(Health Care Fraud)**
**18 U.S.C. §§ 1347 and 2**

45. The Grand Jury re-alleges and incorporates by reference as if fully alleged herein the Introduction contained in paragraphs 1 through 16 of this Indictment.

46. Beginning in or about September 2010 and continuing thereafter to in or about May 2015, in the Laredo Division of the Southern District of Texas and elsewhere,

**LINDA ALANIZ and**
**ALMA GARZA,**

each aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly and willfully, execute and attempt to execute a scheme and artifice to defraud a health care benefit program, namely the Medicaid Program, and to obtain money owned by and under the custody and control of Medicaid by means of false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for health care benefits, items, and services.

## OBJECT OF THE SCHEME AND ARTIFICE

47.     It was an object of the scheme and artifice to defraud to unlawfully enrich the defendants and others known and unknown to the Grand Jury, by submitting false and fraudulent claims for payment to Medicaid, for personal attendant services that were not provided to beneficiaries and which were the product of kickbacks which were paid in order to induce the referral of beneficiaries and recipients to receive personal assistance services.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

48.     The Grand Jury re-alleges and incorporates by reference as if fully alleged herein the Manner and Means alleged in paragraphs 19 through 44 of Count One of this Indictment.

## EXECUTION OF THE SCHEME AND ARTIFICE TO DEFRAUD

49.     On or about the dates specified as to each count below, in the Laredo Division of the Southern District of Texas and elsewhere, the defendants LINDA ALANIZ and ALMA GARZA, each aiding and abetting each other and others known and unknown to the Grand Jury, did execute and attempt to execute the aforesaid described scheme and artifice to defraud Medicaid, by submitting and causing to be submitted false and fraudulent claims as set forth below:

| Count | Name | Medicaid Claim No. | Service Billed | Approx. Date of Claim | Approx. Amount Billed | Approx. Amount Paid | Nature of Falsity Included but Not Limited to |
|---|---|---|---|---|---|---|---|
| 2 | M.M. *1575 | 961012002036170 | PAS | 12-16-11 | $739.84 | $739.84 | Not Provided |
| 3 | S.L.B. *7256 | 12215863199 | PAS | 7-16-12 | $907.73 | $907.73 | Not Provided |
| 4 | S.A.B *1840 | 631012002005917 | PAS | 12-16-11 | $543.32 | $543.32 | Not Provided |
| 5 | M.R. *3879 | 781013213036752 | PAS | 7-16-13 | $554.88 | $554.88 | Not Provided |

| 6 | M.R. *3879 | 801013091058787 | PAS | 3-16-13 | $554.88 | $554.88 | Not Provided |
| 7 | N.R. *0900 | 811013091058788 | PAS | 3-16-13 | $595.34 | $595.34 | Not Provided |
| 8 | A.G. *6407 | 741010314250276 | PAS | 10-16-10 | $641.58 | $641.58 | Not Provided |

All in violation of Title 18, United States Code, Sections 1347 and 2.

### D. COUNT NINE

**(False Statement in Connection With a Health Care Benefit Program)**
**18 U.S.C. § 1035**

50.  The Grand Jury re-alleges and incorporates by reference as if fully alleged herein the Introduction contained in paragraphs 1 through 16 of this Indictment.

51.  On or about March 1, 2014, in the Laredo Division of the Southern District of Texas and elsewhere,

**CYNTHIA GARCIA**

knowingly and willfully made and used a materially false writing and document, namely a PAS provider timesheet, knowing the same to contain materially false, fictitious, and fraudulent statements and entries, namely that she had performed PAS for beneficiary M.R. when she had not, in connection with the payment for health care benefits, items, and services involving, Medicaid, a health care benefit program as defined in 18. U.S.C. § 24(b), in violation of Title 18, United States Code, Section 1035.

### E. COUNT TEN

**(Conspiracy to Violate the Anti-Kickback Statute)**
**18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b**

52.  The Grand Jury re-alleges and incorporates by reference as if fully alleged herein paragraphs 1 through 16 of the Introduction of this Indictment.

10

53. Beginning in or about September 2010 and continuing thereafter to in or about May 2015, in the Laredo Division of the Southern District of Texas and elsewhere,

**LINDA ALANIZ and
ALMA GARZA**

did knowingly, intentionally and willfully combine, conspire, confederate and agree with each other and other persons known and unknown to the Grand Jury to commit and abet certain offenses against the United States, namely:

(a) to violate Title 42, United States Code, Section 1320a-7b(b)(1), by knowingly and willfully soliciting and receiving, remuneration, specifically kickbacks, directly and indirectly, overtly and covertly, in cash and in kind in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicaid; and for the purchasing, leasing, ordering and arranging for and recommending the purchasing, leasing and ordering of any good, item and service for which payment may be made in whole and in part by a Federal health care program, that is, Medicaid; and

(b) to violate Title 42, United States Code, Section 1320a-7b(b)(2), by knowingly and willfully offering and paying remuneration, specifically, kickbacks, directly and indirectly, overtly an covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicaid and for the purchasing, leasing, ordering an arranging for and recommending the purchasing, leasing and ordering of any good, item and service for which payment may be made in whole and in part by a Federal health care program, that is, Medicaid.

## OBJECT OF THE CONSPIRACY

54. It was the object of the conspiracy for the defendants to unlawfully enrich themselves and others known and unknown to the Grand Jury, by paying and receiving kickbacks in exchange for the referral of Medicaid beneficiaries for whom SAINT BENEDICTS would submit claims to Medicaid.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

55. The Grand Jury re-alleges and incorporates by reference as if fully alleged herein the Manner and Means alleged in paragraphs 19 through 44 of Count One of this Indictment.

## OVERT ACTS

56. In furtherance of the conspiracy, and to effect the objects thereof, the defendants each aiding and abetting each other and others known and unknown to the Grand Jury, performed and caused to be performed, among others, the overt acts as set forth below:

57. Defendant ALMA GARZA introduced Defendant LINDA ALANIZ to R.R.

58. Defendant ALMA GARZA delivered cash payments to LINDA ALANIZ in the amount of $700.00 twice a month.

59. On or about November 5, 2010, Defendant LINDA ALANIZ referred Medicaid beneficiary M.M. to SAINT BENEDICTS.

60. On or about April 20, 2012, Defendant LINDA ALANIZ referred Medicaid beneficiary S.L.B. to SAINT BENEDICTS.

61. On or about September 27, 2010, Defendant LINDA ALANIZ referred Medicaid beneficiary S.A.B. to SAINT BENEDICTS.

62. On or about October 28, 2010, Defendant LINDA ALANIZ referred Medicaid beneficiary M.R. to SAINT BENEDICTS.

63. On or about November 17, 2010, Defendant LINDA ALANIZ referred Medicaid beneficiary N.R. to SAINT BENEDICTS.

All in violation of Title 18, United States Code, Section 371.

### F. COUNT ELEVEN

**(Harboring Illegal Aliens)**
**8   U.S.C. § 1324**

64. On or about May 20, 2014 in the Laredo Division of the Southern District of Texas and elsewhere, the defendant, LINDA ALANIZ, knowing and in reckless disregard of the fact that an alien, namely Moises Rodriguez-Aguilar, had come to, entered and remained in the United States in violation of law, did attempt to conceal, harbor, and shield from detection such alien in buildings and other places for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

### G. COUNT TWELVE

**(Harboring Illegal Aliens)**
**8   U.S.C. § 1324**

65. On or about May 20, 2014 in the Laredo Division of the Southern District of Texas and elsewhere, the defendant, LINDA ALANIZ, knowing and in reckless disregard of the fact that an alien, namely Norma Bello-Hernandez, had come to, entered and remained in the United States in violation of law, did attempt to conceal, harbor, and shield from detection such alien in buildings and other places for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

### H. COUNT THIRTEEN

### (Harboring Illegal Aliens)
### 8 U.S.C. § 1324

66.     On or about May 15, 2014 in the Laredo Division of the Southern District of Texas and elsewhere, the defendant, LINDA ALANIZ, knowing and in reckless disregard of the fact that an alien, namely Martha Marquez, had come to, entered and remained in the United States in violation of law, did attempt to conceal, harbor, and shield from detection such alien in buildings and other places for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

### I. COUNT FOURTEEN

### (Harboring Illegal Aliens)
### 8 U.S.C. § 1324

67.     On or about May 15, 2014 in the Laredo Division of the Southern District of Texas and elsewhere, the defendant, LINDA ALANIZ, knowing and in reckless disregard of the fact that an alien, namely Olga Sanchez, had come to, entered and remained in the United States in violation of law, did attempt to conceal, harbor, and shield from detection such alien in buildings and other places for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

### J. NOTICE OF FORFEITURE NOTICE

### 18 U.S.C. § 982(a)(7)

Pursuant to Title 18, United States Code, Section 982(a)(7), the United States gives notice to defendants,

**LINDA ALANIZ,**
**ALMA GARZA,**
**EVELIO PERALTA, and**
**CYNTHIA GARCIA**

that upon conviction for a violation of for a violation of a federal health care offense as alleged in Counts One through Ten of the Indictment, all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of said offense shall be forfeited to the United States.

### MONEY JUDGMENT

The property subject to forfeiture under this notice pursuant to Title 18, United States Code, Section § 982 includes, but is not limited to gross proceeds in an amount of at least $412,654.73, and the Defendants are notified that upon conviction, a money judgment may be imposed equal to said amount.

### SUBSTITUTE ASSETS

In the event that the property subject to forfeiture, is a result of any act or omission by any defendant,

a. cannot be located upon the exercise of due diligence;

b. has been transferred, or sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States to seek forfeiture of any other property of the defendants up to the value of such property, pursuant to Title 21, United States Code, Section 853(p),

incorporated by reference in Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1).

A TRUE BILL:
Original Signature on File

**ORIGINAL SIGNATURE ON FILE**

FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

*[signature]*

ADRIENNE E. FRAZIOR
ASSISTANT U.S. ATTORNEYU.S.
ATTORNEY'S OFFICE

USA-74-24b
(Rev. 6-1-71)

## CRIMINAL DOCKET   L 15-633

<u>  LAREDO  </u> DIVISION

NO. _____

FILE: 2011R24196    JUN 09 2015
<u> INDICTMENT      </u>    Filed: _____    Judge: _____

ATTORNEYS:

UNITED STATES OF AMERICA

<u>KENNETH MAGIDSON, USA</u>
VS.   <u>ADRIENNE FRAZIOR, AUSA</u>

**LINDA ALANIZ (1-8, 10-14),**
**ALMA GARZA (1-8, 10),**
**EVELIO PERLATA (1), and**
**CYNTHIA GARCIA (1, 9)**

**CHARGE:** Count 1: Conspiracy to Commit Health Care Fraud [18 U.S.C. § 1349]
        Counts 2-8: Health Care Fraud [18 U.S.C. §§ 1347 and 2]
        Count 9: False Statement in Connection With a Health Care Benefit Program [18 U.S.C. § 1035]
        Count 10: Conspiracy to Violate the Anti-Kickback Statute [18 U.S.C. § 371]
        Counts 11-14: Harboring Illegal Aliens [8 U.S.C. § 1324]

**TOTAL COUNTS: 14**

**PENALTY:** Count 1: Up to 10 years imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment
        Counts 2-8: Up to 10 years imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment
        Count 9: Up to 5 years imprisonment, $250,000 fine, 1 year supervised release, $100 special assessment
        Count 10: Up to 5 years imprisonment, $250,000 fine, 1 year supervised release, $100 special assessment
        Counts 11-14: Up to 10 years imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment

In Jail:

On Bond:

Name & Address of Surety:   **Linda Alaniz** 3416 South Buena Vista, Laredo, TX 78046

                                    **Alma Garza** 706 W. Amanda St., Hebbronville, TX 78361

**Evelio Peralta** 459 Serg Loop #3, Alamo, TX 78516

**Cynthia Garcia** 320 Lilly Lane, Laredo, TX 78046

No Arrest: